| | |
|---|---|
| MATTHEW SILVERMAN, and AMANDA LISCHKE on behalf of themselves and others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MY FINANCIAL SOLUTIONS, LLC, MIRABELLA GROUP, INC. d/b/a FIVE MARKETING GROUP, and ANGELA MIRABELLA,<br><br>*Defendants*. | Civil Action No.: 1:19-cv-10477-JGD |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR AGREED MOTION TO SET ASIDE CLERK'S ENTRY OF NOTICE OF DEFAULT AND TO EXTEND THE TIME WITHIN WHICH TO FILE A RESPONSE TO PLAINTIFFS' COMPLAINT**

Pursuant to Local Rule 7.1(b)(1), Defendants My Financial Solutions, LLC, Mirabella Group, Inc. d/b/a Five Marketing Group, and Angela Mirabella, by and through undersigned counsel, hereby respectfully submit their memorandum of law in support of the Agreed Motion to Set Aside the Clerk's Entry of Notice of Default and to Extend the Time within which to File an Answer to Plaintiffs' Complaint.

1. Plaintiffs filed a Complaint against Defendants on March 14, 2019, that they seek to have treated as a class action alleging violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). [D.E. 1]. Specifically, Plaintiffs allege Defendants violated the TCPA by making calls to the cellular telephone numbers of Plaintiffs and other putative class members using an automatic telephone dialing system or artificial or prerecorded voice. Plaintiffs seek monetary damages and declaratory and injunctive relief for purported TCPA violations.

2. A response to the Complaint originally was due on May 15, 2019, but the parties stipulated to extend that time, through and including May 31, 2019. [D.E. 9].

3. For reasons that are not entirely clear to Defendants, their former counsel did not file a response to Plaintiffs' Complaint. Nine days later, Plaintiffs requested entry of a Clerk's Notice of Default on June 9, 2019. [D.E. 10]. The Clerk entered a Notice of Default against Defendants on June 12, 2019. [D.E. 11].

4. At no time prior to receiving the Clerk's Notice of Default did Defendants have any reason to believe that they were at risk of default. Upon learning of the Clerk's entry of the Notice of Default, Defendants immediately retained the undersigned as new counsel to defend them in this action.

5. Counsel for Defendants are taking prompt action to determine the events that led to the Clerk's Notice of Default and to prepare a response to Plaintiffs' Complaint so that this case can be litigated and determined on its merits in this Court.

6. The undersigned believe there is a good faith basis for disputing Plaintiffs' allegations and a meritorious defense against Plaintiffs' claims. Defendants' Answer to Plaintiffs' Complaint, which Defendants will be filed no later than June 17, 2019, will demonstrate as much.

7. The undersigned believes further that good cause, as contemplated under Rule 55(c) of the Federal Rules of Civil Procedure, exists for setting aside the Clerk's Notice of Default in this action. *See, e.g.*, *Bryan v. Lark Hotels, LLC*, 323 F.R.D. 116 (D. Mass. 2017).

8. Good cause under the Rule is a liberal standard based on the "policy justification that actions should be resolved on their merits." *Bryan*, 323 F.R.D. at 117 (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). Factors to consider under this standard include

whether the default was willful, whether setting the default aside would prejudice the adversary, whether a meritorious defense is presented, the nature of defendant's explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. *Id.*; *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010).

9. Defendants did not willfully default. They were under the impression that their former counsel was preparing a response to Plaintiffs' Complaint and that the response would be filed in this Court. As soon as Defendants learned about the Clerk's entry of Notice of Default, Defendants retained new counsel and, through their new counsel, contacted counsel for Plaintiffs to seek some resolution that would allow Defendants an opportunity to defend themselves on the merits. Counsel for Plaintiffs agreed to the Court setting aside the default, provided Defendants file a response to the Complaint on June 17, 2019. Defendants, in turn, promptly moved to set aside the default. This is not an instance of bad faith, and there is no allegation to the contrary.

10. Furthermore, Plaintiffs have agreed to setting aside the default and doing so will not prejudice Plaintiffs.

11. Plaintiffs seek to allege their TCPA claim as a putative class action and, therefore, the potential of a default would certainly be prejudicial to Defendants. A substantial amount of money is potentially at stake. The undersigned are working diligently to prepare a meritorious Answer to Plaintiffs' Complaint by June 17, 2019, which timing Plaintiffs have agreed to.

12. Defendants therefore respectfully request the Court to set aside the Clerk's June 12, 2019 Notice of Default and to extend their time to respond to Plaintiffs' Complaint through and including June 17, 2019.

13. The undersigned, as newly retained counsel for Defendants, will comply with court rules and deadlines.

# CONCLUSION

**WHEREFORE**, Defendants, My Financial Solutions, LLC, Mirabella Group, Inc. d/b/a Five Marketing Group, and Angela Mirabella, respectfully request this Court enter an Order to: (1) grant the instant Motion; (2) set aside the Clerk's Notice of Default [D.E. 11]; and (3) extend the time within which Defendants must file an Answer to Plaintiffs' Complaint to June 17, 2019, together with any such further or other relief in favor of Defendants this Court deems just and proper. A proposed Order reflecting the relief requested herein is attached for the Court's consideration.

Dated: June **13**, 2019.

Respectfully submitted,

By: */s/ Stephen D. Riden*
Stephen D. Riden, BBO No. 644451
Hannah Joseph, BBO No. 688132
Email: sriden@beckreed.com
Email: hjoseph@beckreed.com
**BECK REED RIDEN LLP**
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Tel: 617-500-8672
Fax: 617-500-8665

-and-

BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
*Pro Hac Vice Anticipated*
Email: beth-ann.krimsky@gmlaw.com
Email: clemencia.corzo@gmlaw.com
STEPHANIE VARELA
Fla. Bar No. 70989
*Pro Hac Vice Anticipated*
Email: stephanie.varela@gmlaw.com
Email: lauren.castaldi@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for Defendants, My Financial Solutions, LLC, Mirabella Group, Inc. d/b/a Five Marketing Group, and Angela Mirabella*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 13, 2019.

By: */s/ Stephen D. Riden*
     Stephen D. Riden